**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| RAYMOND D. BUSHNER, : | Case No. 2:24-cv-1861 |
| Plaintiff, : | |
| vs. : | District Judge Edmund A. Sargus |
| : | Magistrate Judge Peter B. Silvain, Jr. |
| INVESTIGATOR ERIC KERNER, *et al.*, : | |
| Defendants. : | |

# ORDER

This case is presently before the Court upon *pro se* Plaintiff Raymond D. Bushner's "Motion for Preliminary Injunction/TPO" (Doc. #10).

## I.  BACKGROUND

In April 2024, Plaintiff, a prisoner at the Lebanon Correctional Institution (LeCI), filed a Complaint under 28 U.S.C. § 1983 alleging claims of Eighth Amendment failure to protect, First Amendment retaliation, prison policy violations, theft of personal property, and denial of access to counsel against multiple Defendants, all of whom are LeCI employees.  (Doc. #1-1).  Upon initial review, the undersigned ordered Plaintiff to supplement his Complaint to address his Eighth Amendment failure to protect and First Amendment retaliation claims and recommended that the Court dismiss Plaintiff's remaining claims without prejudice.  (Doc. #2).  Plaintiff subsequently supplemented his Complaint.  (Doc. #6).  On June 27, 2024, upon initial review, the undersigned recommended that the Court dismiss without prejudice all claims alleged by Plaintiff in his Supplemental Complaint with the exception of his Eighth Amendment failure to protect claims against Defendants Kerner, Berry, Lykins, Krabbe, Willis, and Edwards and his First Amendment

retaliation claims against Lykins, Kerner, Berry, Krabbe, and Edwards. (Doc. #9). Additionally, the undersigned directed the United States Marshal to serve a copy of the relevant documents upon Defendants. *Id.* The docket does not indicate that service has been issued, and counsel for Defendants have not entered their appearances.

On July 12, 2024, Plaintiff filed his "Motion for Preliminary Injunction/TPO" (Doc. #10). In his Motion, Plaintiff asserts that "his life is [in] imminent danger of great bodily Harm/ Injury …." (Doc. #10, *PageID* #164). Plaintiff asks the Court to order the Ohio Department of Rehabilitation and Correction (ODRC) to transfer Plaintiff from LeCI during the pendency of this lawsuit. *Id.* He also requests the Court issue "an Emergency TPO against the Plaintiff against Each Defendant named herein." *Id.*

Plaintiff attached an "[Affidavit] of Verity" to his Motion. (Doc. #10, *PageID* #166). In his Affidavit, Plaintiff alleges that he was forced to either sign a "Protective Custody" waiver or be placed in "Administrative Segregation" under "Protective Custody Investigation." *Id.* He indicates that he has received threats of imminent harm/injury and death from inmates in general population and LeCI staff. *Id.*

## II.     STANDARD OF REVIEW

Rule 65 of the Federal Rules of Civil Procedure permits a party to a lawsuit to seek injunctive relief if he believes that he will suffer irreparable harm or injury while the suit is pending. Temporary restraining orders (TRO) and preliminary injunctions are extraordinary remedies "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington–Fayette Urban Co. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *PUI Audio Inc. v. Van Den Broek*, No. 3:21-cv-284, 2021 WL 4905461, at *3 (S.D. Ohio Oct. 21, 2021); *Kendall Holdings, Ltd. v. Eden Cryogenics LLC*, 630 F. Supp. 2d

853, 860 (S.D. Ohio 2008) (A TRO "should only be granted if the movant can clearly show the need for one.").

Federal Rule of Civil Procedure 65(a)(1) states the court may only issue a preliminary injunction when notice has been given to the adverse party. This court has found the notice requirement applies equally to *pro se* plaintiffs. *Taylor-Bey v. Deangelo*, No. 23-11958, 2024 WL 482236, at *2–3 (E.D. Mich. Jan. 12, 2024), *report and recommendation adopted in part,* No. 23-11958, 2024 WL 478794 (E.D. Mich. Feb. 7, 2024) (citing *Jones v. Hemingway*, 2023 WL 6811808 (E.D. Mich. Sept. 18, 2023) (denying "the extraordinary relief of a TRO and/or preliminary injunction" because pro se plaintiffs did not follow the requirements of Rule 65); *see also Sutherland v. Warren*, 2019 WL 13368703 (E.D. Mich. Aug. 13, 2019)).

However, a TRO may be issued under certain circumstances without written or oral notice to the adverse party under Fed. R. Civ. P. 65(b). Specifically, Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added). Although on its face, Rule 65(b)(1) applies to attorneys only, courts have interpreted this requirement as applying to a *pro se* litigant who seeks a TRO. *Whipple v. Tennessee Bd. of Paroles*, No. 1:17-CV-148-RLJ-SKL, 2018 WL 1387066, at *10 (E.D. Tenn. Mar. 19, 2018), *aff'd,* No. 18-5390, 2019 WL 1804845 (6th Cir. Jan. 3, 2019) (citing *Hollowell v. Bornkempt*, No. 3:17-CV-606 JD, 2017 WL 3446676, at *2 (N.D. Ind. Aug. 10, 2017) (listing cases)).

Thus, Rule 65 ensures that the Court only consider the extraordinary remedy of issuing a TRO without notice to the adverse party (or its counsel) in particular circumstances and when

certain safeguards have been made. In short, Rule 65(b) requires the movant "to show that the circumstances [are] appropriate for ex parte relief." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) (further explaining that "[t]he normal circumstance for which the district court would be justified in proceeding ex parte is where notice to the adverse party is impossible, as in cases where the adverse party is unknown or is unable to be found," although "another limited circumstance [would be] where notice to the defendant would render fruitless further prosecution of the action" and is supported by "more than assert[ing] that the adverse party would dispose of evidence if given notice").

Moreover, in determining whether to issue a TRO or preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;
2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
3. Whether an injunction will cause others to suffer substantial harm; and
4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *Overstreet*, 305 F.3d at 573; *Northeast Ohio Coal. for Homeless & Serv. Emps. Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *Leary*, 228 F.3d at 736.

### III. DISCUSSION

As noted above, the court may only issue a preliminary injunction when notice has been given to the adverse party. Fed. R. Civ. P. 65(a)(1). Here, notice has not been given to Defendants. Accordingly, Plaintiff's request for a preliminary injunction is **DENIED** without prejudice.

4

Moreover, Plaintiff's Motion does not meet the procedural requirements for issuance of the requested TRO. First, Plaintiff did not satisfy the requirement in Federal Rule of Civil Procedure 65(b)(1)(A). Although Plaintiff attached an "[Affidavit] of Verity" to his Motion, (Doc. #10, *PageID* #166), Plaintiff's Affidavit fails to include "<u>specific facts</u> … [that] <u>clearly show</u> that immediate and irreparable injury, loss, or damage will result to the movant <u>before the adverse party can be heard in opposition</u>." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added). Plaintiff generally alleges that he has received threats by both LeCI staff and inmates in general population and is in fear for his life. (Doc. #10, *PageID* #166). However, he provides no further details, including who is threatening him or when the threats took place. He also alleges that he was forced to either sign a "Protective Custody" waiver or be placed in "Administrative Segregation" under "Protective Custody Investigation." *Id.* But Plaintiff does not indicate how this choice relates to his risk of harm from other inmates or staff. Given the circumstances presented, the Court finds that Plaintiff's Affidavit does not clearly show that Plaintiff would suffer immediate and irreparable injury, loss, or damage before Defendants could be provided notice and heard in opposition. *Tugrul v. Weiner*, No. 1:15-cv-657, 2015 U.S. Dist. LEXIS 149627, 2015 WL 6755306, at *2 (S.D. Ohio Nov. 4, 2015), *report and recommendation adopted*, 2015 WL 9013122 (S.D. Ohio Dec. 16, 2015) (motion for a TRO denied where movant failed to "submit[ ] an affidavit setting forth specific facts to show that he will suffer 'immediate and irreparable injury, loss or damage' before defendants can be heard in opposition to the motions for a temporary restraining order so as to satisfy the requirements of Fed. R. Civ. P. 65(b)(1)(A)").

Second, Plaintiff did not fulfill the requirements in Federal Rule of Civil Procedure 65(b)(1)(B). Plaintiff did not "certifi[y] in writing any efforts made to give notice [to the adverse party or its attorney] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B);

5

*see also U.S. v. Grable*, No. 1:90:CV:971, 1993 U.S. Dist. LEXIS 3179, 1993 WL 71079, at *2 (W.D. Mich. Mar. 3, 1993) (denying motion for a TRO because the movant's filings did not satisfy Rule 65(b)(1)(B); explaining that the requirement "cannot be overlooked" because "[i]t is error for a district court to issue a temporary restraining order without such certification (if no notice is given to the adverse party).").

While the Court affords Plaintiff, as a *pro se* prisoner, some latitude in the drafting of his legal papers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), he is still expected to comply with the relevant rules of procedure. *Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 970 (E.D. Tenn. 2011); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (finding no cause for extension of liberal pleading rules applicable to pro se litigants "to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"). "The requirements of Rule 65(b)(1) are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process." *Tchienkou v. Net Tr. Mortg.*, No. CIV.A 3:10-CV-00023, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010) (citing, *inter alia*, *Jourdan*, 951 F.2d at 109-10).

Because Plaintiff has failed to meet the requirements for a TRO, Plaintiff's request for a TRO is **DENIED** without prejudice.

Furthermore, even if Plaintiff met the procedural requirements for a TRO or preliminary injunction, Plaintiff has not alleged facts sufficient to warrant such an extraordinary remedy in this case. *See ACLU of Michigan v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015) ("[T]he party seeking a preliminary injunction bears the burden of justifying such relief.") (quoting *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012)). Indeed, Plaintiff provided very few details in support of his Motion. For example, he did not identify who is threatening him or when the threats took place. Plaintiff has not presented any evidence showing either a substantial likelihood of success

6

on the merits of his claims or demonstrating that he will suffer irreparable harm absent a preliminary injunction. *See Leary*, 228 F.3d at 739 ("[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion."); *Bates v. Hale*, 2023 WL 4699892, at *3 (S.D. Ohio 2023), *report & recommendation adopted*, 2023 WL 5278681 (S.D. Ohio 2023) (citing *Glover v. Johnson,* 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland,* 740 F.2d 432, 438 n. 3 (6th Cir. 1984)) ("When an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are "especially critical" since such an order would necessarily intrude "significantly into the prerogatives of state correctional officials.").

**IT IS THEREFORE ORDERED THAT**:

Plaintiff's "Motion for Preliminary Injunction/TPO" (Doc. #10) is **DENIED without prejudice**.

July 15, 2024

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

7