**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| RAYMOND D. BUSHNER, | : | Case No. 2:24-cv-1861 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Edmund A. Sargus |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| INVESTIGATOR ERIC KERNER, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATION[1]

This case is presently before the Court upon *pro se* Plaintiff Raymond D. Bushner's "Motion for Preliminary Injunction/TRO" (Doc. #12).

### I.       BACKGROUND

In April 2024, Plaintiff, an incarcerated person proceeding *in forma pauperis* and without the assistance of counsel, filed a Complaint under 28 U.S.C. § 1983 alleging claims of Eighth Amendment failure to protect, First Amendment retaliation, prison policy violations, theft of personal property, and denial of access to counsel against multiple Defendants, all of whom are Lebanon Correctional Institution (LeCI) employees. (Doc. #1-1). Upon initial review, the undersigned ordered Plaintiff to supplement his Complaint to address his Eighth Amendment failure to protect and First Amendment retaliation claims and recommended that the Court dismiss Plaintiff's remaining claims without prejudice. (Doc. #2). Plaintiff subsequently supplemented his Complaint. (Doc. #6). On June 27, 2024, upon initial review, the undersigned recommended

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

that the Court dismiss without prejudice all claims alleged by Plaintiff in his Supplemental Complaint with the exception of his Eighth Amendment failure to protect claims against Defendants Kerner, Berry, Lykins, Krabbe, Willis, and Edwards and his First Amendment retaliation claims against Lykins, Kerner, Berry, Krabbe, and Edwards. (Doc. #9). Additionally, the undersigned directed the United States Marshal to serve a copy of the relevant documents upon Defendants. *Id.* The docket does not indicate that service has been issued, and counsel for Defendants have not entered their appearances.

On July 12, 2024, Plaintiff filed his first Motion for Preliminary Injunction, requesting that the Court order the Ohio Department of Rehabilitation and Correction (ODRC) to transfer Plaintiff from LeCI during the pendency of this lawsuit. (Doc. #10). The undersigned denied his Motion without prejudice. (Doc. #11).

On July 29, 2024, Plaintiff filed the Motion for Preliminary Injunction/TRO that is presently before the Court. (Doc. #12). Shortly thereafter, on August 12, 2024, Plaintiff filed a change of address, noting his transfer to Warren Correctional Institution. (Doc. #13).

## II.    STANDARD OF REVIEW

Rule 65 of the Federal Rules of Civil Procedure permits a party to a lawsuit to seek injunctive relief if he believes that he will suffer irreparable harm or injury while the suit is pending. Temporary restraining orders (TRO) and preliminary injunctions are extraordinary remedies "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington–Fayette Urban Co. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *PUI Audio Inc. v. Van Den Broek*, No. 3:21-cv-284, 2021 WL 4905461, at *3 (S.D. Ohio Oct. 21, 2021); *Kendall Holdings, Ltd. v. Eden Cryogenics LLC*, 630 F. Supp. 2d

853, 860 (S.D. Ohio 2008) (A TRO "should only be granted if the movant can clearly show the need for one.").

Federal Rule of Civil Procedure 65(a)(1) states the court may only issue a preliminary injunction when notice has been given to the adverse party.  This court has found the notice requirement applies equally to *pro se* plaintiffs.  *Taylor-Bey v. Deangelo*, No. 23-11958, 2024 WL 482236, at *2–3 (E.D. Mich. Jan. 12, 2024), *report and recommendation adopted in part,* No. 23-11958, 2024 WL 478794 (E.D. Mich. Feb. 7, 2024) (citing *Jones v. Hemingway*, 2023 WL 6811808 (E.D. Mich. Sept. 18, 2023) (denying "the extraordinary relief of a TRO and/or preliminary injunction" because pro se plaintiffs did not follow the requirements of Rule 65); *see also Sutherland v. Warren*, 2019 WL 13368703 (E.D. Mich. Aug. 13, 2019)).

However, a TRO may be issued under certain circumstances without written or oral notice to the adverse party under Fed. R. Civ. P. 65(b).  Specifically, Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written
> or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show
> that immediate and irreparable injury, loss, or damage will result to
> the movant before the adverse party can be heard in opposition; <u>and</u>
> (B) the movant's attorney certifies in writing any efforts made to
> give notice <u>and</u> the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).  Although on its face, Rule 65(b)(1) applies to attorneys only, courts have interpreted this requirement as applying to a *pro se* litigant who seeks a TRO. *Whipple v. Tennessee Bd. of Paroles*, No. 1:17-CV-148-RLJ-SKL, 2018 WL 1387066, at *10 (E.D. Tenn. Mar. 19, 2018), *aff'd,* No. 18-5390, 2019 WL 1804845 (6th Cir. Jan. 3, 2019) (citing *Hollowell v. Bornkempt*, No. 3:17-CV-606 JD, 2017 WL 3446676, at *2 (N.D. Ind. Aug. 10, 2017) (listing cases)).

Thus, Rule 65 ensures that the Court only consider the extraordinary remedy of issuing a TRO without notice to the adverse party (or its counsel) in particular circumstances and when

3

certain safeguards have been met.  In short, Rule 65(b) requires the movant "to show that the circumstances [are] appropriate for ex parte relief."  *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) (further explaining that "[t]he normal circumstance for which the district court would be justified in proceeding ex parte is where notice to the adverse party is impossible, as in cases where the adverse party is unknown or is unable to be found," although "another limited circumstance [would be] where notice to the defendant would render fruitless further prosecution of the action" and is supported by "more than assert[ing] that the adverse party would dispose of evidence if given notice").

Moreover, in determining whether to issue a TRO or preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;
2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
3. Whether an injunction will cause others to suffer substantial harm; and
4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000); *Overstreet*, 305 F.3d at 573; *Northeast Ohio Coal. for Homeless & Serv. Emps. Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).  The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief.  *Leary*, 228 F.3d at 736.

## III.    DISCUSSION

In his Motion, Plaintiff asks the Court to order the ODRC to transfer Plaintiff from LeCI. (Doc. #12, *PageID* #176).  He also requests the Court issue a "'TRO' Against The Plaintiff And each Defendant" in this case.  *Id.*  Plaintiff attached two "[Affidavits] of Verity" to his Motion.  *Id.* at 177-80.  In his Affidavits, Plaintiff states that, since June 25, 2024, when he was released from

segregation into general population, members of the "Bloods," "Gangsta Disciples," and "Crips" have made death threats against him.  *Id.* at 177.  He explains that he has been labeled a "snitch" by other inmates and has a "target on [his] back."  *Id.*  Plaintiff states that on July 11, 2024, three inmates with knives came into his cell, robbed him, and told him he would be stabbed if he did not get out of general population.  *Id.*  Plaintiff attests that Unit Manager Krabbe moved him to segregation on July 18, 2024, because Plaintiff refused to sign a "CPC Waiver" and in retaliation for reporting the July 11, 2024 incident.  *Id.* at 179.  According to Plaintiff, when he was moved, Krabbe did not secure Plaintiff's personal property, and his cellmate stole his personal belongings.  *Id.*  Plaintiff states that in segregation, he does not have access to his legal work, legal materials, and resources, and this has prevented him from preparing legal documents.  *Id.*  Further, he is in a cell with a "violent inmate" who is in segregation for assault and a knife.  *Id.* at 180.  Plaintiff notes that on July 18, 2024, he was found with a knife on his person.  *Id.*  Plaintiff explains that he has a knife because he in "fear for [his] life" and is "forced to carry 'knives' for protection …."  *Id.*  Additionally, Plaintiff indicated that he provided Defendants notice of his Motion on July 15, 2024, via electronic kites to LeCI Inspector Steven Cole, Unit Manager Chief Courtney Teague, and Warden Ellen Myers.  *Id.* at 178.

After Plaintiff filed his Motion, he filed a notice of change of address, indicating that he was transferred to Warren Correctional Institution.  (Doc. #13).  In light of his transfer, Plaintiff's request to be transferred to a different institution than LeCI—as well as his request for a TRO against Defendants at LeCI—is now moot.  Accordingly, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction/TRO (Doc. #12) be **DENIED**.

Furthermore, as noted above, the court may only issue a preliminary injunction when notice has been given to the adverse party.  Fed. R. Civ. P. 65(a)(1).  Further, the court may only issue a

TRO without notice to the adverse party under the limited circumstances set forth above.  Fed. R. Civ. P. 65(b)(1).  Here, although Plaintiff attests that he provided notice to Defendants via electronic kites to other employees at LeCI, Plaintiff has not shown that his notice was communicated to Defendants.  Thus, Plaintiff has not met the procedural requirements for issuance of a preliminary injunction or TRO.

Moreover, even if Plaintiff met the procedural requirements for a TRO or preliminary injunction, Plaintiff has not alleged facts sufficient to warrant such an extraordinary remedy in this case.  *See ACLU of Michigan v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015) ("[T]he party seeking a preliminary injunction bears the burden of justifying such relief.") (quoting *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012)).  Plaintiff has not presented any evidence showing either a substantial likelihood of success on the merits of his claims or demonstrating that he will suffer irreparable harm absent a preliminary injunction.  *See Leary*, 228 F.3d at 739 ("[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion."); *Bates v. Hale*, 2023 WL 4699892, at *3 (S.D. Ohio 2023), *report & recommendation adopted*, 2023 WL 5278681 (S.D. Ohio 2023) (citing *Glover v. Johnson,* 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland,* 740 F.2d 432, 438 n. 3 (6th Cir. 1984)) ("When an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are "especially critical" since such an order would necessarily intrude "significantly into the prerogatives of state correctional officials.").

For these reasons, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction/TRO (Doc. #12) be **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's Motion for Preliminary Injunction/TRO (Doc. #12) be **DENIED**.


January 17, 2025 _____                              *s/Peter B. Silvain, Jr.*_____
                                                      Peter B. Silvain, Jr.
                                                      United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).