**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**RAYMOND D. BUSHNER,**

        **Plaintiff,**

        **v.**

**ERIC KERNER, et al.,**

        **Defendants.**

**Case No. 2:24-cv-1861**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Silvain**

**<u>ORDER</u>**

The Magistrate Judge assigned to this matter recommends that the Court deny Plaintiff Raymond D. Bushner's Motion for Preliminary Injunction/TRO (Doc. 12). (R&R, Doc. 14).[1] For the reasons set forth below, the Court agrees. Accordingly, the Court **ADOPTS** the R&R in full and **DENIES** Plaintiff's motion as **MOOT**.

When Bushner filed his motion for preliminary injunctive relief, he was an inmate assigned to the Lebanon Correctional Institution (LeCI). (Doc. 12, #177). On his telling, his time there was anything but smooth.[2] Trouble arose from the day he arrived, when he faced "taunting … sexual references" from fellow inmates who were familiar with an earlier incident involving Bushner at another correctional facility. (Supp. Am. Compl., Doc. 6, #108). Jarred by those taunts, he contacted a hotline

---

[1] There are two other pending Reports and Recommendations in this case. (Docs. 2, 9). Neither is under consideration here.

[2] The Court briefly recounts Bushner's allegations only to contextualize its discussion of the R&R and motion currently at issue. Apart from serving that limited purpose, Bushner's allegations are still just that—allegations, none of which the Court establishes as true (or false) for present purposes.

established under the Prison Rape Elimination Act (PREA), 30 U.S.C. § 30301 et seq.; *see also* 28 C.F.R. § 115.51, to report his fears of impending sexual assault. (*See* Doc. 6, #108). But instead of assuaging his fears, that report only initiated another string of alleged mistreatment, necessitating another PREA report, which led to yet more abuse. (*See generally id.* at #108–13; *see also* R&R, Doc. 9, #141–46 (synthesizing Bushner's factual allegations)). Based on those allegations, Bushner sued several LeCI prison officials under 42 U.S.C. § 1983, raising several constitutional claims.[3]

After some back-and-forth with the Magistrate Judge regarding the sufficiency of his Complaint's factual allegations and the legal bases for his claims, *see supra* note 1, Bushner moved for a preliminary injunction (PI) or temporary restraining order (TRO) that would result in his transfer to a different prison facility. (Doc. 12). He alleged that circumstances had further deteriorated at LeCI since the date he initially filed this action. Specifically, he noted that he'd been branded a "snitch" by

---

[3] Bushner's original Complaint asserted claims under the First, Sixth, and Fourteenth Amendments to the United States Constitution. (Doc. 1-1, #13). But the Magistrate Judge, in the first of the two R&Rs not under consideration here, construed Bushner's claims as more properly arising under the First and Eighth Amendments. (Doc. 2, #76–77). Therefore, he ordered Bushner to file a "supplemental complaint[] providing additional facts and details" to support his claims so construed. (*Id.*). Bushner complied. (Doc. 6). And after screening the Supplemental Complaint, the Magistrate Judge recommended—in the second of the two R&Rs not under consideration here—that the Court allow some of the First and Eighth Amendment claims to proceed and dismiss the rest. (Doc. 9, #160–61). Although unobjected, the Court has not yet ruled on that recommendation. So all of Bushner's originally asserted claims are technically still part of the case, though they soon might not be. But the specific contours of his claims aren't relevant to the R&R that *is* under consideration here, which recommends denial of Bushner's request for a PI or TRO. (Doc. 14, #190). While the substance of a plaintiff's claims *can* matter when determining such a request—for example, when determining "whether the movant has a 'strong' likelihood of success on the merits," *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)—this particular motion requires no such consideration, as described in this Order.

his fellow inmates owing to his PREA complaints, robbed, and threatened at knifepoint to "get [out of] general population" housing or be killed. (*Id.* at #177).

But, just two weeks after filing his motion for a PI or TRO, Bushner filed a notice of an address change. Evidently, prison officials had transferred him to Warren Correctional Institution, even absent his requested injunctive relief. (Doc. 13, #182).

On that basis (among others the Court need not reach), the Magistrate Judge recommended that the Court deny Bushner's motion. (Doc. 14, #188). That is, "in light of his transfer, Plaintiff's request to be transferred … is now moot." (*Id.*). The Magistrate Judge also advised the parties that they had fourteen days to object to the R&R if they wished to do so. (*Id.* at #191). That time has long passed, and no party has objected. And where no party has objected to an R&R, the Court reviews it only for clear error. *Williams v. Parikh*, 708 F. Supp. 3d 1345, 1352 (S.D. Ohio 2023); *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

The Court is satisfied that the Magistrate Judge did not err—let alone clearly err—in recommending denial of the requested remedy given the turn of events here. As a general rule, requests for relief from conditions at a given prison facility "become[] moot once the prisoner has been transferred from the facility of which he complained to a different facility." *Henderson v. Palmer*, No. 22-12322, 2023 WL 6160611, at *2 (E.D. Mich. Sept. 21, 2023) (citing cases); *see also Lyons v. Azam*, 58 F. App'x 85, 87 (6th Cir. 2003) (explaining, in the context of a similar motion for

transfer, that "a federal court has no authority to render a decision upon moot questions" (cleaned up)).

In sum, because Bushner's transfer leaves nothing for the Court to order in response to his motion, the Court **ADOPTS** the R&R (Doc. 14) in full and **DENIES** Bushner's Motion for Preliminary Injunction/TRO (Doc. 12) as **MOOT**.

**SO ORDERED.**

February 28, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

4