UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| RAYMOND D. BUSHNER, : | Case No. 2:24-cv-1861 |
| Plaintiff, : | |
| vs. : | District Judge Douglas R. Cole |
| : | Magistrate Judge Peter B. Silvain, Jr. |
| INVESTIGATOR ERIC KERNER, *et al.*, : | |
| Defendants. : | |

# REPORT AND RECOMMENDATION[1]

This case is presently before the Court upon *pro se* Plaintiff Raymond D. Bushner's Motion for Temporary Restraining Order (TRO) (Doc. #22) and Defendants' Memorandum in Response (Doc. #25). Plaintiff did not file a reply to Defendants' Response, and the time for doing so has elapsed.

## I. BACKGROUND

In April 2024, Plaintiff, an incarcerated person proceeding *in forma pauperis* and without the assistance of counsel, filed a Complaint under 28 U.S.C. § 1983 alleging claims of Eighth Amendment failure to protect, First Amendment retaliation, prison policy violations, theft of personal property, and denial of access to counsel against multiple Defendants, all of whom are Lebanon Correctional Institution (LeCI) employees. (Doc. #1-1). Upon initial review, the undersigned ordered Plaintiff to supplement his Complaint to address his Eighth Amendment failure to protect and First Amendment retaliation claims and recommended that the Court dismiss

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

Plaintiff's remaining claims without prejudice. (Doc. #2). Plaintiff subsequently supplemented his Complaint. (Doc. #6). On June 27, 2024, upon initial review, the undersigned recommended that the Court dismiss without prejudice all claims alleged by Plaintiff in his Supplemental Complaint with the exception of his Eighth Amendment failure to protect claims against Defendants Kerner, Berry, Lykins, Krabbe, Willis, and Edwards and his First Amendment retaliation claims against Lykins, Kerner, Berry, Krabbe, and Edwards. (Doc. #9).

On September 18, 2025, Plaintiff filed his Motion for TRO, requesting that the Court order the Ohio Department of Rehabilitation and Correction (ODRC) to issue an institutional separation between Plaintiff and inmate Anthony Cunningham (#A793-917). (Doc. #22, *PageID* #249). In support, Plaintiff attached an affidavit. (Doc. #22-1).

Defendants assert that Plaintiff's Motion is now moot because an Institutional Separation Order was issued on September 15, 2025. (Doc. #25, *PageID* #259). According to Defendants, Plaintiff is currently incarcerated at Warren Correctional Institution (WCI), and Inmate Cunningham is confined at Mansfield Correctional Institution. *Id.*

## II. STANDARD OF REVIEW

Rule 65 of the Federal Rules of Civil Procedure permits a party to a lawsuit to seek injunctive relief if he believes that he will suffer irreparable harm or injury while the suit is pending. Temporary restraining orders (TRO) are extraordinary remedies "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington–Fayette Urban Co. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *PUI Audio Inc. v. Van Den Broek*, No. 3:21-cv-284, 2021 WL 4905461, at *3 (S.D. Ohio Oct. 21, 2021); *Kendall Holdings, Ltd. v. Eden Cryogenics LLC*, 630 F. Supp. 2d 853, 860 (S.D. Ohio 2008) (A TRO "should only be granted if the movant can clearly show the need for one.").

In determining whether to issue a TRO, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;
2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;
3. Whether an injunction will cause others to suffer substantial harm; and
4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000); *Overstreet*, 305 F.3d at 573; *Northeast Ohio Coal. for Homeless & Serv. Emps. Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *Leary*, 228 F.3d at 736.

### III. DISCUSSION

In his Motion, Plaintiff asks the Court to order the ODRC to issue an institutional separation between Plaintiff and Inmate Cunningham (#A793-917). (Doc. #22, *PageID* #249). According to Plaintiff, Defendants Kerner, Krabbe, and Berry conspired to transfer Inmate Cunningham, who previously assaulted Plaintiff at LeCI, to WCI, where Plaintiff is currently housed. *Id.* at 248-49. Plaintiff alleges that after Inmate Cunningham, arrived at WCI, he told "the entire General Population" that Plaintiff "snitched" on him by filing this lawsuit. (Doc. #22-1, *PageID* #251). Further, Plaintiff explains that on September 11, 2025, Inmate Cunningham threatened him, telling Plaintiff that "due to him snitching on him[,] he wasn't going to 'make it to Jury Trial.'" *Id.* at 253. Plaintiff "wholeheartedly and genuinely believes he will suffer 'irreparable harm' or injury possibly even death absent a … TRO." *Id.* at 252 (capitalization omitted).

Defendants assert that the Court should deny Plaintiff's Motion as moot because an Institutional Separation Order was issued on September 15, 2025. (Doc. #25, *PageID* #259). In

3

support, Defendants attach the Declaration of David Gray, the Chief of the Bureau of Classification and Reception at ODRC; the September 15, 2025 Institutional Separation Order between Plaintiff and Inmate Cunningham; the ODRC Incarcerated Person Separations Policy (No. 53-CLS-05); Inmate Cunningham's offender details; and Plaintiff's offender details.  (Doc. #25-1).  In his Declaration, Mr. Gray attests that after the Institutional Separation Order was issued, Inmate Cunningham was transferred to Mansfield Correctional Institution, and Plaintiff remains at WCI.  *Id.* at 263.

In light of the Institutional Separation Order (Doc. #25-1, *PageID* #264) and Inmate Cunningham's subsequent transfer, Plaintiff's request for an institutional separation is now moot.  Accordingly, the undersigned recommends that Plaintiff's Motion for TRO (Doc. #22) be **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's Motion for TRO (Doc. #22) be **DENIED as moot**.


October 21, 2025                                  *s/Peter B. Silvain, Jr.*
                                                  Peter B. Silvain, Jr.
                                                  United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).